**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

ADAN PRIETO-CORTEZ,

           Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

           Respondent.

</td><td>

No. 13-73750

Agency No. A095-804-565

MEMORANDUM[*]

</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Adan Prieto-Cortez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") denial of his motion to reopen removal proceedings

based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we review de novo constitutional claims, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny the petition for review.

The agency did not abuse its discretion in denying Prieto-Cortez's untimely motion to reopen that alleges ineffective assistance by the attorney who represented him before the IJ, where Prieto-Cortez failed to comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and the alleged ineffective assistance is not "plain on the face of the administrative record," *see Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000).

Prieto-Cortez's due process claim fails because he has not demonstrated how he was prejudiced by the IJ issuing the denial of the motion to reopen prior to Prieto-Cortez's receipt of the immigration court file and hearing tapes. *See Dent v. Holder*, 627 F.3d 365, 373 (9th Cir. 2010) (to prevail on a due process claim, an alien must "show prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation").

**PETITION FOR REVIEW DENIED.**

13-73750